## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**BRENDA KOZLOWSKY,**
          **Plaintiff,**

**v.**                                           **Case No:   5:08cv319/SPM/MD**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
               **Defendant.**
_____

### REPORT AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  On February 9, 2009 defendant filed a motion to dismiss the action, contending that the complaint was untimely filed (doc. 13).  Plaintiff was ordered to respond to the motion by March 13, 2009 (doc. 14), but failed to do so.  On review of the pleadings the court discovered that defendant had failed to attach supporting documentation to his motion, so the motion was denied without prejudice and defendant was ordered to file an amended motion with appropriate documents (doc. 15).  Plaintiff was ordered to respond to the motion within 20 days of its filing date, March 13, 2009 (*id*.).  Plaintiff did not respond.  Upon review of the record before this court, it is the opinion of the undersigned that the defendant's motion to dismiss is well founded, and should be granted.

On March 27, 2008, an Administrative Law Judge issued a decision denying

plaintiff's claim for benefits (doc 13, ex. 1).[1]  On July 21, 2008, the Appeals Council denied Plaintiff's request for review and advised Plaintiff of her right to commence a civil action by filing a complaint in the United States District Court within 60 days from the date of receipt of the letter. The letter specifically advised Plaintiff that:

> If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action.
>
> If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules.
> ...
>
> You have 60 days to file a civil action (ask for court review).
>
> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review.

(Ex. 2).  Plaintiff has not requested an extension of time to file a civil action.  This action was filed on October 20, 2008, three months after the Commissioner's final decision, and was untimely.

"The United States, as sovereign, 'is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'"  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) quoting *United States v. Testan*, 424 U.S. 392, 399 (1976) and *United States v.*

---

[1] Hereafter all references to exhibits will be to doc. 13.

*Case No: 5:08cv319/SPM/MD*

*Sherwood*, 312 U.S. 584, 586-87 (1941).  Congress may prescribe the procedures and conditions under which, and the courts in which, judicial review of administrative orders may obtain. *See Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). Judicial review of final decisions on claims arising under Title II and Title XVI of the Social Security Act (the Act) is provided for and limited by sections 205(g) and (h) of the Act, 42 U.S.C. § 405(g) and (h). The remedy provided by section 405(g) is obviously exclusive. The relevant provisions of section 405(g) provides as follows:

> (g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.
> . . .
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Thus, the only civil action permitted on any claim arising under Title II of the Social Security Act is an action to review the "final decision of the Commissioner made after a hearing . . .," and that such action must be "commenced within 60 days after the mailing to him [the party bringing the action] of notice of such decision or within such further time as the Commissioner may allow."  The Commissioner has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review of the presiding officer's decision or of the Appeals Council's decision. See 20 C.F.R. §§ 404.981, 416.1481 (2008). The date of receipt is presumed to be five days after the date of such notice, unless there is a

reasonable showing to the contrary made to the Appeals Council. See 20 C.F.R. §§ 404.901, 416.1401, and 422.210(c) (2008).

The Complaint in the instant action fails to state a claim upon which relief can be granted, because it was not filed within 60 days after the presumptive receipt of notice by Plaintiff of the Commissioner's final decision or within further time allowed by the Commissioner through extensions granted by the Appeals Council.  This civil action is untimely, as is established by the evidence set forth above which documents the relevant dates in this case.  The 60-day statute of limitations period provided by Congress in § 205(g) of the Social Security Act serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually."  *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S. Ct. 2022 (1986). In accordance with statutory provisions and case law, Plaintiff's complaint should be dismissed as it was filed more than 60 days after receipt of the Commissioner's final decision.

In *Califano v. Sanders*, 430 U.S. 99, 108 (1977), the Supreme Court stated that "the congressional purpose, plainly evidenced in section 205(g), [was to] impose a 60-day limitation upon judicial review of the Commissioner's final decision . . . ." Conditions on the waiver of sovereign immunity must be strictly construed. *See Bowen v. City of New York*, 476 U.S. at 479; *Block v. North Dakota*, 461 U.S. 273, 287 (1983). In *City of New York*, the Supreme Court ruled that the 60-day period specified in section 205(g) of the Act is a period of limitation which in a rare case can be tolled by the Commissioner (which is not the case here) or the courts. The Court stated, however, that in most cases the Commissioner should make the determination whether to extend the 60-day period and that only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment

is inappropriate" should the courts extend the period. *See Bowen v. City of New York*, 476 U.S. at 480, quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976); *Barrs v. Sullivan*, 906 F.2d at 121.   Here, plaintiff has offered no extraordinary circumstances present that would justify extending the 60-day period.

Pensacola, Florida this 16th day of April, 2009.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**